Hopkins v. Wyckoff.

JOHN HOPKINS *v.* SAMUEL S. WYCKOFF.

The right to recover the penalty given under the pilot act of 1853, as amended 1854, ch. 196; 1857, ch. 243, (2 Rev. Stat. 5th ed. 434, § 57), for the refusal of the master of a vessel to accept the services of the pilot first offering, is confined to those pilots who have been duly licensed, as in the act prescribed.

*Held,* therefore, that a pilot not licensed by the Board of Commissioners of Pilots, under the laws of this State, although licensed under the statute of the State of New Jersey, and authorized by the act of Congress, (Dunlap's Laws, U. S., 924), to pilot vessels coming in or going out of the port of New York, cannot sue for the pilotage fees allowed by the pilot laws of this State, on the refusal of the master of a vessel to employ him.

APPEAL by the plaintiff from a judgment of the First District Court, dismissing the complaint.

The plaintiff alleging that he was a pilot, duly licensed and authorized by the laws of the United States and the statutes of the State of New Jersey, to pilot vessels to and from the port of New York, by way of Sandy Hook, brought the action against the defendant, as master of the schooner T. A. Ward, to recover the pilotage fees, under section 29, of the laws of 1857, vol. 2, p. 502, for the refusal of the defendant to accept the services offered by the plaintiff as such pilot.

The plaintiff was nonsuited, and the complaint dismissed, on the ground that the statute of this State, under which the action was brought, applied only to Sandy Hook pilots, licensed under the laws of the State of New York, and did not comprehend New Jersey pilots. The plaintiff then appealed to this Court.

*B. F. Mudgett,* for appellant.

*Wm. J. Haskett,* for respondent.

BY THE COURT.—HILTON, J.—The plaintiff is a pilot duly licensed under the laws of the State of New Jersey. It appears

Hopkins v. Wyckoff.

that on August 5th, 1858, at the city of New York, he offered his services as pilot to the defendant, who was then captain of the schooner T. A. Ward, which had been cleared for Cuba, and that he was the first pilot thus tendering his services as such to the defendant. For the refusal by the defendant to accept the services thus offered, the plaintiff claims to recover pilotage fees under section 29, as amended by " an act to provide for the licensing and government of pilots, and regulating pilotage of the port of New York," passed June 28, 1853. See Laws 1857, vol. 1, p. 502.

This act, as its title indicates, provides for the licensing of pilots of the port of New York, and prescribes rules for their government and regulation. To this end it established a " Board of Commissioners of Pilots," vesting it with power to license as pilots such persons as may be found, on examination, duly qualified ; to make certain rules for their regulation, and with authority to revoke or annul the license for intoxication or misconduct of the pilot while on duty, &c. But it is prohibited from granting a license to any person holding an authority to act as pilot from or under the laws of any other State. See 2 R. S. [5 ed.] 430, sec. 37.

The portion of the section of the act under which the plaintiff claims to recover, is in these words : " All masters of foreign vessels, and vessels from a foreign port, and all vessels sailing under register, bound to or from the port of New York, by way of Sandy Hook, shall take a *licensed* pilot, or in case of refusal to take such pilot, shall, himself, owners, or consignees, pay the said pilotage as if one had been employed ; and such pilotage shall be paid to the pilot first speaking or offering his services as pilot to such vessel." (*Id.* 434, sec. 57).

Taking into view that the pilotage fees here claimed to be recovered, are such as are given by previous sections of the act to a pilot licensed by the Board of Pilot Commissioners, it is, in my opinion, too clear to admit of a doubt, that the penalty given for a refusal to accept the services of the first pilot offering, is confined to the pilots who have been duly licensed, as in the act prescribed, and as the plaintiff is one of the class of persons which the Board is expressly prohibited from licensing, it follows that he can have no claim whatever to the benefits which the act confers.

12

Nor does the act of Congress, passed March 2d, 1837 (See Dunlap's Laws U. S., 924), aid his claims in any manner. That only goes to the extent of permitting a master or commander of a vessel coming in or going out of this port, to employ any pilot licensed either by the laws of New York or New Jersey, and it thus controls those parts of the act in question which make it obligatory upon the master to accept the services of a licensed pilot, under the penalty declared. But for this law of Congress, every master of a vessel bound to or from this port, would be obliged, under a penalty, to accept a pilot who had been licensed by the Board of Commissioners of Pilots, provided such an one should tender his services, whereas by it he is permitted to accept instead, a pilot licensed under the laws of New Jersey, provided a New York pilot has not previously offered himself; as it is only when a New York pilot shall *first* speak and offer his services that he becomes entitled, upon refusal, to the penalty prescribed.

The Justice was right in holding that the plaintiff had no cause of action, and his judgment should be affirmed.