### REARDON v. ARKELL.

(District Court, S. D. New York. February 7, 1894.)

PILOTAGE— LAWS OF NEW YORK AND NEW JERSEY — REV. ST. §§ 4235, 4236— RIGHT OF NEW JERSEY PILOT TO SUE IN NEW YORK.

 Section 4236 of the United States Revised Statutes, in conjunction with section 4235, by necessary implication makes applicable, in favor of pilots, the laws of either New York or New Jersey; and hence a New Jersey pilot may, by virtue of such statutes, maintain his action in the United States courts of New York, against the consignee of a vessel, for pilotage services rendered in New York waters.

In Admiralty. On exceptions to a libel filed by John A. Reardon against James W. Arkell to recover for pilotage services. Exceptions overruled.

Carpenter & Mosher, for libelant.
Wheeler, Cortis & Godkin, for respondent.

BROWN, District Judge. On the 17th day of August, 1893, the British steamship Jersey City was piloted into the port of New York by the libelant, a pilot duly licensed under the laws of the state of New Jersey; and on the 23d day of August she was again piloted by him back to sea. The pilotage fees not being paid, the above libel in personam was filed against the respondent, as the consignee of the ship, who entered and cleared her at this port. The pilotage laws of New York and New Jersey alike make the pilotage payable

"by the master, owner, consignee, or agent entering or clearing a vessel jointly or severally," and prescribe the same pilotage rates.

Exceptions to the libel have been filed by the respondent, on the grounds (1) that the laws of New York provide only for pilots licensed under the laws of the state of New York, and therefore are not available to the libelant, (Brown v. Elwell, 60 N. Y. 249; Hopkins v. Wyckoff, 1 Daly, 176;) (2) that the laws of New Jersey have no extraterritorial force to create a statutory liability in the consignee of the ship entering her on arrival at the port of New York.

Under the construction given to some sections of the pilotage laws of New York by the court of appeals in Brown v. Elwell, above cited, I should find difficulty in sustaining the libel if the laws of either state could only be applied to the 'present case by virtue of their own inherent force.

By section 4235, however, of the United States Revised Statutes, re-enacting the act of August 7, 1789, it is provided that all "pilots in the * * * ports of the United States shall continue to be regulated in conformity with the existing laws of the state respectively, wherein such pilots may be;" and by the following section (4236) the master of a vessel coming into this port may lawfully employ a New York or a New Jersey pilot. See The Abercorn, 26 Fed. 877.

The construction of these two provisions with reference to the points taken by the exceptions, is somewhat embarrassing. The well-known intention of section 4236, originally passed in March, 1837, (5 Stat. 153, c. 22,) was to end the conflicts and disputes that arose concerning the right to employ pilots licensed under the laws of different states bounding on pilotage waters. In giving authority to masters to employ a pilot duly licensed by either of such states, it could not have been the intent of congress that the pilots should be without the power to enforce any compensation at all. That act must be read in connection with the provision of the act of 1789, (Rev. St. § 4235,) which is in pari materia; and when thus read, the phrase "the laws of the states respectively wherein such pilots may be" must be regarded as applicable to the "employment" authorized by section 4236.

Although a New Jersey pilot may not in terms be provided for by the New York law, when piloting in New York waters, I think a reasonable construction of the act of congress authorizing his "employment" in such waters, and also declaring that "pilotage shall be regulated by the law of the state where the pilot may be," adopts the local law, and makes it applicable to the New Jersey pilot so "employed" as much as if the act said expressly that the rates and other regulations as to the pilotage authorized by the act to be thus "employed," should be those prescribed by the local law of the states wherein the pilots may be. This is the most literal interpretation of the words "wherein such pilots may be," and makes them refer to the place where the service is rendered, or the port to which the vessel is taken, and for which the pilotage service was

employed. The phrase "wherein such pilots may be" may also be interpreted to refer to the place where the pilots are licensed; and if that were the meaning intended, the laws of New Jersey would here be applicable. It is immaterial, in this case, to decide which of these interpretations should be given, since the laws of both states are the same; and both make the consignee liable at the same rates. Considering, therefore, that section 4236, in conjunction with section 4235, by necessary implication makes applicable in favor of pilots the laws of the one state or the other, I am of the opinion that the pilot may maintain his action in a case like the present against the consignee by virtue of these acts of congress.

The exceptions are, therefore, overruled.